# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-0158V
**Filed: March 12, 2019**
UNPUBLISHED

| | |
|---|---|
| MARGERY HEBDEN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.
*Jeffrey T. Sprague*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On January 31, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine on June 24, 2017. Petition at 1, ¶ 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 7, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. On March 8, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $50,000.00, representing compensation for pain and suffering. Proffer at 2. In the

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $50,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner, Margery Hebden.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MARGERY HEBDEN, ) | |
| Petitioner, ) | No. 18-158V   ECF |
| v. ) | Chief Special Master Dorsey |
| SECRETARY OF HEALTH ) AND HUMAN SERVICES, ) | |
| Respondent. ) | |

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.    Procedural History**

On January 31, 2018, Margery Hebden ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. She alleges that, as a result of receiving the tetanus, diphtheria, and acellular pertussis (Tdap) vaccine on June 24, 2017, she suffered from a right shoulder injury related to vaccine administration ("SIRVA"). Petition at 1-4. On December 7, 2018, respondent filed his Vaccine Rule 4(c) report, conceding SIRVA as a Table injury. On December 7, 2018, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for SIRVA.

**II.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$50,000.00** (for pain and suffering) for all damages. This amount represents all

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$50,000.00**, in the form of a check payable to petitioner.[2] Petitioner agrees.

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Assistant Director
        Torts Branch, Civil Division

        */s/Jeffrey T. Sprague*
        JEFFREY T. SPRAGUE
        Trial Attorney
        Torts Branch, Civil Division
        U. S. Department of Justice
        P.O. Box l46, Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Direct dial: (202) 616-4179

Dated:  March 8, 2019        Fax: (202) 616-4310

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.